IT is ordered, that where damages are given by the rule passed in February term 1805, the said damages shall be calculated to the day of affirmance of the said judgment in this court.

### UNITED STATES *v.* KID & WATSON.

#### *Import duties.*

Round copper bars, round copper plates, and round copper plates turned up at the edges, are not subject to duty upon importation.[1]

THIS case was certified from the Circuit Court of the district of Pennsylvania, upon a division of opinion between the judges of that court, upon the question whether certain articles of copper, viz., round copper bars, round copper plates, and round copper plates turned up at the edges, imported by the defendants, were subject to duty, within the meaning of the acts of congress, viz., 20th July 1789, and 10th of August 1790 (1 U. S. Stat. 24, 180), by which "copper in plates" is exempt from duty, and the act of the 2d of May 1792, § 2 (1 U. S. Stat. 260), by which "copper in pigs and bars" is, also exempt from duty.

The jury found a special verdict, the substance of which was, that such articles as those in question are of no use in the form in which they are imported, but are worked up as a raw material. That the round, the square, and the flat bars are, by the manufacturers and artists, known by the denomination of "bars." That all the articles are sold by weight, and the same price is paid for round as for square or flat bars; and for round plates, and round plates turned up at the edges, as for square or oblong plates. "And that all the aforesaid *articles come under the description of bars and plates." [*2

---

[1] And see United States *v.* Potts, 5 Cr. 284.

Jennings v. Carson.

*Rodney*, Attorney-General, admitted that the case was not to be supported, on the part of the United States, and that judgment must be given for the defendants.